```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHRISTOPHER HAHN, | : |
| Plaintiff, | : Civil No. 12-7267 (NLH) |
| v. | : |
| | : **MEMORANDUM AND ORDER** |
| DONNA ZICKEFOOSE, et al., | : |
| Defendants. | : |

IT APPEARING THAT:

1. Petitioner, an inmate incarcerated at FCI Fort Dix in Fort Dix, New Jersey, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

2. On December 3, 2012, this Court entered an Memorandum and Order (docket entry 2) to administratively terminate the matter due to deficiencies with Plaintiff's filing, including his in forma pauperis application.  Plaintiff had filed a two-page document entitled "Application to Proceed Without Prepayment of Fees and Affidavit," (document 1-1), but he did not include an account statement certified by the appropriate official of the facility at which he is incarcerated as required by 28 U.S.C. § 1915(a)(2). Additionally, Plaintiff had used an out-of-date Complaint form which states that the filing fee is $120.00.

3. The Clerk of the Court has received an Amended Complaint, a renewed in forma pauperis application, and a letter requesting reopening of the matter (docket entry 3, 4).

4. The Court has reviewed the new in forma pauperis application and has determined that Plaintiff's application remains deficient pursuant 28 U.S.C. § 1915(a)(1), (2).  The account information provided only details activity from November 14, 2012 until December 7, 2012, thus is not the full six-month institutional account statement covering the time period of six-months prior to the filing of the Complaint. Additionally, the statement was not certified by an Authorized Officer of the Institution as required by 28 U.S.C. § 1915(a)(2).

5. The Complaint does not provide any dates with respect to the date of the incident underlying the Complaint nor the time period of Plaintiff's incarceration, but the Court presumes that Plaintiff should be able to provide account information, at least in part, for the six-month time period leading up to the filing of the Complaint.  Plaintiff alleges that the incidents of the Complaint occurred while incarcerated at FCI Fort Dix.  He signed the initial Complaint for filing on November 19, 2012.  Plaintiff has only provided account information for a time period beginning on November 14, 2012.  Thus, this Court presumes

    that Plaintiff could provide account information for more than a five day time period prior to signing the Complaint. The Court notes that even considering the extreme chance that Plaintiff was only incarcerated for those five days, the account information must still be certified by an official at the facility.

6. Accordingly, Plaintiff's renewed application to proceed <u>in forma pauperis</u> will be denied.

    THEREFORE, it is on this 30th day of April, 2013;

    ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

    ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby DENIED, without prejudice; and it is further

    ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed <u>in forma pauperis</u> (AFFIDAVIT OF POVERTY and ACCOUNT CERTIFICATION (CIVIL RIGHTS), DNJ-Pro Se 007-A- (Rev. 09/09)); and it is finally

    ORDERED that the Clerk of the Court shall close the file in this case.


At Camden, New Jersey         s/ Noel L. Hillman
                                       NOEL L. HILLMAN
                                       United States District Judge