**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHRISTOPHER HAHN, | : |
| Plaintiff, | : Civil No. 12-7267 (NLH) |
| v. | : |
|  | : **MEMORANDUM AND ORDER** |
| DONNA ZICKEFOOSE, et al., | : |
| Defendants. | : |

IT APPEARING THAT:

1. Petitioner, an inmate incarcerated at FCI Fort Dix in Fort Dix, New Jersey at the time of filing the Complaint and now incarcerated at FCI Cumberland in Cumberland, Maryland, seeks to bring this action <u>in forma pauperis</u> pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

2. On December 3, 2012, this Court entered an Memorandum and Order (docket entry 2) to administratively terminate the matter due to deficiencies with Plaintiff's filing, including his <u>in forma pauperis</u> application. Plaintiff had filed a two-page document entitled "Application to Proceed Without Prepayment of Fees and Affidavit," (document 1-1), but he did not include an account statement certified by the appropriate official of the facility at which he is incarcerated as required by 28 U.S.C. § 1915(a)(2).

Additionally, Plaintiff had used an out-of-date Complaint form which states that the filing fee is $120.00.

3. The Clerk of the Court then received an Amended Complaint, a renewed in forma pauperis application, and a letter requesting reopening of the matter (docket entry 3, 4).

4. The Court reviewed the in forma pauperis application and determined that Plaintiff's application was deficient pursuant 28 U.S.C. § 1915(a)(1), (2). The account information provided only details activity from November 14, 2012 until December 7, 2012. Those dates do not cover the full time period for six-month institutional account statement of six-months prior to the filing of the Complaint as required. Additionally, the statement was not certified by an Authorized Officer of the Institution as required by 28 U.S.C. § 1915(a)(2). Accordingly, the application was denied.

5. In this Court's prior order, (docket entry 6), it noted that the Complaint did not provide any dates with respect to the date of the incident underlying the Complaint nor the time period of Plaintiff's incarceration. The Court noted that it presumed that Plaintiff should be able to provide account information, at least in part, for the six-month time period leading up to the filing of the Complaint since Plaintiff alleges that the incidents of the Complaint occurred while

incarcerated at FCI Fort Dix. He signed the initial Complaint for filing on November 19, 2012 but Plaintiff only provided account information for a time period beginning on November 14, 2012. Thus, this Court presumed that Plaintiff would be able provide account information for more than a five day time period prior to signing the Complaint. The Court noted that even considering the extreme chance that Plaintiff was only incarcerated for those five days, the account information must still be certified by an official at the facility.

6. Plaintiff has now presented another filing in application to proceed in forma pauperis, (docket entry 7), which, while now certified, still does not provide the correct dates and does not speak to the issue raised regarding the Court's presumption that Plaintiff was incarcerated for six-months prior to the filing of the Complaint and thus should be able to provide the required statement dates. The dates provided in the most recent statement are November 1, 2012 until May 7, 2013. That period of time covers the period after the filing of his complaint, rather than the six month period before the filing of his complaint. In order to satisfy 28 U.S.C. § 1915(a)(1) and (2) Plaintiff must provide the institutional account statement for the six-months prior to

November 19, 2012, the date his Complaint was signed and presumably sent to the Court for filing.

7. Accordingly, Plaintiff's renewed application to proceed <u>in forma pauperis</u> will be denied.

THEREFORE, it is on this <u>16th</u> day of <u>July</u>, 2013;

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed <u>in forma pauperis</u> (AFFIDAVIT OF POVERTY and ACCOUNT CERTIFICATION (CIVIL RIGHTS), (DNJ-Pro Se-007-A-(Rev.05/13)); and it is finally

ORDERED that the Clerk of the Court shall close the file in this case.

At Camden, New Jersey     s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge