UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTOPHER HAHN, | |
| Plaintiff, | Civil Action No. 12-7267 (NLH) |
| v. | **MEMORANDUM AND ORDER** |
| DONNA ZICKEFOOSE, et al., | |
| Defendants. | |

    Plaintiff is proceeding, in forma pauperis ("IFP"), with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court grants Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and (b). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, it appearing that:

    1.   Plaintiff alleges that he was denied medical services by the Warden and two doctors at the Federal Correctional Institution at Fort Dix, NJ, where Plaintiff was confined and where the alleged denial of service occurred. Plaintiff alleges that a TV came loose and fell on him, injuring his shoulder and

back. Plaintiff alleges that an x-ray was taken, and despite evidence of injury on the x-ray, Plaintiff was denied proper medical care and treatment for more than a year. Plaintiff alleges that he suffers severe pain and suffering, as well as limited range of motion because of these injuries.

    2. To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege facts demonstrating: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Brown v. N.J. Dep't of Corr., No. 12-5069 (NLH), 2014 WL 4978579, at *3 (D.N.J. Oct. 3, 2014) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Estelle makes clear that if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citing Estelle, 429 U.S. at 105).

    3. Here, Plaintiff alleges that he suffered shoulder and back injuries after a TV fell on him, and for over a year, he did not receive proper medical treatment for those injuries, which caused him severe pain and suffering. Construing the facts as alleged most favorable to Plaintiff, the Court finds that he has sufficiently alleged a serious medical need, and

2

deliberate indifference by Defendants to that need, to state a valid Eighth Amendment claim.  Therefore,

IT IS on this _25th__ day of __February_____, 2015,

ORDERED that, pursuant to 28 U.S.C. § 1915(a) and (b), the application submitted by Plaintiff to proceed IFP is hereby GRANTED; it is further

ORDERED that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the United States Attorney for the District of New Jersey and on the Warden of the Federal Prison Camp at Cumberland, Maryland, where Plaintiff is currently confined; it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation, in the event Plaintiff is still confined and has not been released from prison; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff, to the extent that Plaintiff is still confined, shall assess, deduct from his account, and forward to the Clerk

payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the civil docket number of this action; it is further

ORDERED that Plaintiff's entire complaint is permitted to proceed past 28 U.S.C. § 1915 screening; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1]; it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, see Fed. R. Civ. P. 12(a)(1)(A); it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy

---

[1]   Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

4

of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[2]

At Camden, New Jersey

s/ Noel L. Hillman
Noel L. Hillman
United States District Judge

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.